Rick Hernandez
HERNANDEZ LAW OFFICE LLC
P.O. Box 1039
Sunnyside, WA. 9894417
(509) 837-3184

Attorney for Nika Salazar

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) NO. 4:24-CR-06013-MKD-1 |
| Plaintiff, | ) |
| | ) MOTION TO REVOKE |
| vs. | ) DETENTION ORDER |
| | ) |
| NIKA SALAZAR, | ) With Oral Argument |
| | ) November 19, 2026 |
| Defendant. | ) 1:00 p.m. Richland, WA |

COMES NOW the Defendant, by and through her attorney of record, Ricardo Hernandez, pursuant to Title 18 U.S.C. § 3145 (b) and files this motion to revoke the detention order entered on November 21, 2022. The standard of review is de novo. U.S. v. Koenig, 912 F.2d 1190 (9th Cir. 1990). Pursuant to 18 U.S.C. 3142 (g), the court shall consider the following four factors in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the

nature and seriousness of the danger to any person or the community that would be posed by the person's release. This motion is based on the following:

1. A detention hearing was previously held on October 22, 2026. The defendant's motion for release was denied.

2. The defendant incorporates by reference the defendant's Motion and Memorandum to Reopen Detention Hearing as well as the information presented at the hearing including any exhibits or any newly developed information. US v. Freitas, 602 F.Supp. 1283 (1985). US v. Delker, 757 F2d 1390 (3rd Cir. 1985).

3. A finding of dangerousness must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). The defendant must only produce some credible evidence forming the basis for her contention that she will appear and will not pose a threat to the community. US v. Carbone, 793 F2d 559, (3rd Cir. 1986).

4. As far as a release plan, the defendant has confirmed that she can live in the Tri-Cities at her home or with her Mother or her daughter Michelle.

5. The following individuals have agreed to act as 3rd party custodians and have agreed to report any pre-trial condition violations immediately to probation: The defendant's Mother and/or daughter Michelle.

6. Ms. Salazar has produced substantial evidence to rebut the rebuttable presumption of detention. As such, the government bears the burden of persuasion and must show that Ms. Salazar cannot be released on the least restrictive conditions possible. See 18 U.S.C. § 3142(b)(c). If there are questions about flight risk or safety, then then the government must show that all supervision conditions and powers will not reasonably assure Ms. Salazar's appearance and community safety. Id. Only after the government establishes there are no conditions of release that can reasonably assure Ms. Salazar's appearance and community safety, may the court detain her. For these reasons, we are respectfully requesting that Ms. Salazar be released to inpatient treatment at ABHS and after successful completion of inpatient treatment that she be considered for release into the community.

DATED this 13th day of November 2026.

s/ Ricardo Hernandez
Ricardo Hernandez

I hereby certify that on November 13, 2026 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Brandon Pang, Assistant United States Attorney

s/ Ricardo Hernandez
Ricardo Hernandez